Affirmed and Memorandum Opinion filed July 22, 2004









Affirmed and Memorandum Opinion filed July 22, 2004.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01137-CV

____________

 

DENNIS L. BERRY, Appellant

 

V.

 

MIKE COVARRUBIAS
III, CAERIN D. JORDAN, WILLIAM G. SOLOMON, AND MARALO, L.L.C., Appellees

 



 

On Appeal from the 270th
District Court

Harris County, Texas

Trial Court Cause No. 03-19655

 



 

M E M O R A N D U M   O P I N I O N

Appellant Dennis L. Berry appeals a take-nothing summary
judgment in favor of appellees Mike Covarrubias III, Caerin D. Jordan, William
G. Solomon, and Maralo, L.L.C. (collectively, Aappellees@). 
We affirm.








FACTUAL AND PROCEDURAL BACKGROUND

 








This appeal arises from a legal dispute over possession of an
automobile.  Covarrubias and Jordan
(Berry=s nephew and the nephew=s wife) successfully sued Berry for
conversion of a 1992 Dodge sedan.  While
the appeal of that case was pending, Berry, proceeding pro se, sued appellees
based on actions they allegedly took leading up to, and during, litigation of
the conversion suit.[1]  Berry alleged what may best be characterized
as libel and slander, malicious prosecution, stalking, filing of frivolous
pleadings, and loss of consortium.[2]  He also charged appellees with being
vexatious litigants and claimed mental anguish damages.[3]  In his petition, Berry identified five events
serving as the bases of his claims: (1) Jordan=s complaint against him for auto
theft, which resulted in a police investigation that was subsequently closed
without charges being issued; (2) Covarrubias and Jordan=s lawsuit against him in small claims
court; (3) Covarrubias and Jordan=s complaint filed with the Consumer
Fraud Division of the Harris County District Attorney=s Office, which subsequently closed
the case without issuing charges; (4) Covarrubias and Jordan=s lawsuit against him in Harris
County Civil Court at Law; and (5), Covarrubias and Jordan=s reporting of their judgment against
Berry to a credit reporting agency before Berry=s appeal had been resolved .  Berry alleged that Solomon was retained to
represent Covarrubias and Jordan and that Soloman was Maralo=s employee.

One month after Berry filed his petition,
appellees filed a no-evidence motion for summary judgment and a traditional
motion for summary judgment.[4]  In the no-evidence motion, appellees challenged
each of Berry=s causes of action, the mental anguish
damages, and Maralo=s liability.  In the traditional motion, appellees relied
on the following defenses: (1) limitations in relation to defamation and
malicious prosecution, (2) immunity in relation to defamation, (3) Solomon=s immunity as an
attorney against all claims for actions taken in litigation, and (4) engagement
in a constitutional or statutorily protected right in relation to stalking.








Berry responded, Aenter[ing] the
following specific evidence@: (1) Solomon=s testimony from
the County Civil Court at Law proceedings in which Solomon referred to his
having been retained in September 1999 and to his client=s not having
requested disclosure; (2) a list of Berry=s exhibits from
the Court at Law proceedings; (3) the Houston Police Department incident report
showing Jordan as complainant in an investigation against Berry for auto theft,
with the status indicated as Aunfounded@; (4) affidavits
of purported witnesses to the incident in which Jordan made the complaint
against Berry; and (5) correspondence from the District Attorney=s Consumer Fraud
Division to Berry regarding Covarrubias=s complaints
against Berry, with the indication the case was being closed because the
complaint was civil in nature and subsequent correspondence from Solomon
to  the District Attorney=s Office regarding
Berry=s statements and
his foreclosure on the car.  Berry also
listed five Awritten objections@ to the motion for
summary judgment: (1) the no-evidence claim Alack[ed] substance@ for want of
discovery and was premature; (2) there are prescribed methods for discovery
appellees could use to obtain evidence in Berry=s possession; (3)
it was appellees= obligation to provide the premise of no
evidence; (4) appellees= motion was supported by only one sworn
affidavit (Solomon=s), which contained errors in substance;
and (5) appellees stated the motion pertained to all appellees, but appellees
failed to file any evidence regarding the participation of Covarrubias, Jordan,
or Maralo.

Appellees filed detailed objections to
Berry=s summary judgment
proof.  They also moved to strike Berry=s claim for Amental anguish or
emotional distress.@  In
support of the latter, they provided his response to their request for an
authorization permitting disclosure of medical records and bills, in which
Berry stated:

Plaintiffs [sic] medical needs are
maintained by the Veterans Administration and by Social Security and are
without costs to the Plaintiff.  Without
waiving those rights to amend his suit to include damages for those physical
and/or mental injuries, at this time there are no claims by the Plaintiff for
those damages.  Therefore, the Plaintiff
does not authorize the disclosure of his medical records except that document
used by the Veterans Administration to rate his service connected disability.[5]

 

On June 20, 2003, the trial court granted
appellees= motion to strike Berry=s claim for mental
anguish or emotional distress and overruled all of their objections to Berry=s summary judgment
proof.  On the same day, the trial court
also rendered a final summary judgment ordering Berry take nothing against
appellees, but taxed costs Aagainst defendant.@  The trial court did not state the grounds for
granting summary judgment.








Appellees timely filed a motion to amend
the judgment by providing the same relief as previously granted but taxing
costs against Berry.  The trial court
granted the motion and rendered an amended final judgment on August 15,
2003.  On August 25, 2003, Berry filed
three motions:  (1) a motion for entry of
an amended judgment regarding his Aadmission@ on mental injury,
(2) a motion for new trial, and (3) a motion for sanctions.  In the motion for new trial, Berry reiterated
the five Awritten objections@ to appellees= motion for
summary judgment.  In the motion for
sanctions, Berry complained of  (a)  Solomon=s alleged Aperjury@ regarding the
date he was retained, (b) appellees= motion to strike
Berry=s summary judgment
proof, and (c) appellees= alleged failure to respond to Berry=s June 7, 2003
request for production.  The appellate
record does not contain a written order disposing of these motions.[6]

DISCUSSION

Issues One Through Six: 
Challenges to Summary Judgment and Denial of the Motion for New Trial

Introduction and Legal
Principles Governing Summary Judgment and Review








Berry=s issues.  In issues one through six, Berry challenges
the trial court=s summary judgment and denial of his
motion for new trial, in which he reiterated his Awritten objections@ to appellees= motions for
summary judgment.  Although expressed as
six issues, the issues are both multifarious and overlapping, often containing
unconnected Afacts@ and legal
citations. Nevertheless, the issues seem to reflect the following
complaints:  (1) the appellees, as
movants, did not meet their summary judgment burden (issues two, three, and
five); (2) the trial court did not apply the correct standards to the summary judgment
motions (issues one and six); (3) there was inadequate time for discovery
(issue four); and (4) the trial court erred by not considering Berry=s summary judgment
proof or his objections to the appellees= summary judgment
proof (issues one and five).[7]  Berry=s complaints
largely overlook the fact appellees filed a no-evidence motion for summary
judgment, as well as a traditional motion.

Summary judgment
burden.  The movant for summary
judgment has the burden to show there is no genuine issue of material fact and
it is entitled to judgment as a matter of law. 
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.
1985).  When deciding whether there is a
disputed material fact issue precluding summary judgment, the appellate court
must take as true all evidence favorable to the non‑movant.  Id. at 548B49.  The reviewing court must indulge every
reasonable inference in favor of the non‑movant and resolve any doubts in
its favor.  Id. at 549.

A defendant moving for traditional summary
judgment assumes the burden of showing as a matter of law the plaintiff has no
cause of action against him.  Levesque
v. Wilkens, 57 S.W.3d 499, 503 (Tex. App.CHouston [14th
Dist.] 2001, no pet.).  Traditional
summary judgment for a defendant is proper only when the defendant negates at
least one element of each of the plaintiff=s theories of recovery,
or pleads and conclusively establishes each element of an affirmative
defense.  Sci. Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex. 1997).








No-evidence
summary judgment and burden shift. 
Additionally, after sufficient time for discovery has passed, a party
may file a Ano-evidence@ motion for
summary judgment if Athere is no evidence of one or more
essential elements of a claim or defense on which an adverse party would have
the burden of proof at trial.@  Tex.
R. Civ. P. 166a(i).  The Ano‑evidence@ motion for
summary judgment shifts the burden of proof to the non‑movant to produce
evidence raising a genuine issue of material fact on the contested issue on
which the non‑movant would bear the burden of proof at trial.  Russo v. Smith Int=l, Inc., 93 S.W.3d 428,
433 (Tex. App.CHouston [14th Dist.] 2002, pet. denied); see
Tex. R. Civ. P. 166a(i).

Review of
no-evidence summary judgment.  As
with the traditional summary judgment, in reviewing a Ano-evidence@ summary judgment,
we review the evidence in the light most favorable to the nonmovant and
disregard all evidence and inferences to the contrary.  Coastal Conduit & Ditching, Inc. v.
Noram Energy Corp., 29 S.W.3d 282, 284 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  We sustain a
no-evidence summary judgment if  (1)
there is a complete absence of proof of a vital fact; (2) rules of law or
evidence bar the court from giving weight to the only evidence offered to prove
a vital fact; (3) the evidence offered to prove a vital fact is no more than a
scintilla; or (4) the evidence conclusively establishes the opposite of a vital
fact.  Id.  Less than a scintilla of evidence exists when
the evidence offered to prove a vital fact is so weak it does no more than
create a mere surmise or suspicion of its existence, and in legal effect is no
evidence.  Id. at 284B85.  More than a scintilla of evidence exists when
the evidence rises to a level that would enable reasonable and fair‑minded
people to differ in their conclusions as to the existence of the vital
fact.  Id. at 285.








De novo review and
affirmance on any ground. 
Because the propriety of summary judgment is a question of law, we review
the trial court=s decision de novo.  See Natividad v. Alexsis, Inc., 875
S.W.2d 695, 699 (Tex. 1994).  If the
trial court grants a motion for summary judgment without stating the grounds on
which it relied, we must affirm the summary judgment if any ground argued in
the motion was sufficient.  Blan v.
Ali, 7 S.W.3d 741, 747B48 (Tex. App.CHouston [14th
Dist.] 1999, no pet.); see Star‑Telegram, Inc. v. Doe, 915 S.W.2d
471, 473 (Tex. 1995).  Because appellees
moved for summary judgment on both traditional and no-evidence grounds and the
trial court did not specify which it granted, we can uphold the summary
judgment on the basis of either motion.  Bruce v. K.K.B., Inc., 52 S.W.3d 250, 254 (Tex.  App.CCorpus Christi 2001, pet. denied); see
FNFS, Ltd. v. Sec. State Bank & Trust, 63 S.W.3d 546, 548 (Tex. App.CAustin 2001, pet. denied); Barraza
v. Eureka Co., 25 S.W.3d 225, 231 (Tex. App.CEl Paso 2000, pet. denied).

As discussed below, we conclude summary
judgment was properly granted on each of Berry=s claims.  The grounds defeating some of Berry=s claims appear in
appellees= no-evidence motion while the remainder of
his claims fail on grounds presented in the traditional motion.  Before we turn to the individual claims,
however, we address some initial matters raised by Berry=s issues and  his briefing in this court.

Initial Considerations

Berry complains there was inadequate time
for discovery.  Although he made the same
complaint in response to appellees= summary judgment
motions, he did not file a motion for continuance or an affidavit explaining
the need for further discovery before the summary judgment hearing.  Accordingly, he has waived this
complaint.   Blanche v. First
Nationwide Mortgage Corp., 74 S.W.3d 444, 450B51 (Tex. App.CDallas 2002, no
pet.) (citing Tenneco Inc. v. Enter. 
Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996)).

We also observe that, although Berry
attached summary judgment proof to his response to appellees= summary judgment
motions, he did not direct the trial court to the portions of his evidence
supporting the elements appellees challenged on each of his claims.  He does not do so in this court.  We are not required to marshal Berry=s proof and may
overrule his challenges to the summary judgment based on  his failure to do so.  See Parker v. Dodge, 98 S.W.3d 297,
300 (Tex. App.CHouston [1st Dist.] 2003, no pet.); see
also Rendleman v. Clarke, 909 S.W.2d 56, 59 (Tex. App.CHouston [14th
Dist.] 1995, writ dism=d as moot) (stating failure to cite to
relevant portions of the trial court record waives appellate review).  Nevertheless, we have reviewed Berry=s summary judgment
evidence and review the summary judgment on the merits with regard to each of
the claims.[8]








Berry=s Claims

Libel, slander,
and malicious prosecution: limitations. 
Berry=s actions for libel, slander, and
malicious prosecution are governed by a one-year limitations period.  Tex.
Civ. Prac. & Rem. Code Ann. ' 16.002 (Vernon
2002).  Berry=s actions for
libel and slander appear to be based on (1) Jordan=s statement to
police during an investigation in October 1999, (2) charges filed by appellees
with the Harris County District Attorney=s Office before
November 13, 2000, and (3) Solomon=s letter to the
Harris County District Attorney=s Office, dated
December 4, 2000.[9]  AA libel or slander
claim accrues on the date of the communication or publication and not on the
date of the consequences or sequelae.@  Ross v. Arkwright Mut. Ins. Co., 892
S.W.2d 119, 131 (Tex. App.CHouston [14th
Dist.] 1994, no writ).

To the extent any of Berry=s malicious
prosecution claims are based on filings with the District Attorney=s Office, such
claims would have accrued when charges were not accepted.  See Patrick v. Howard, 904 S.W.2d 941,
944 (Tex. App.CAustin 1995, no writ).  Berry=s petition and
exhibits attached thereto confirm the file was closed on those charges by
November 17, 2000.[10]

Berry filed his petition on April 15,
2003, well over one year after each of the causes of action accrued.  Appellees conclusively proved their defense
of limitations in relation to Berry=s claims for libel
and slander and for malicious prosecution based on filings with the Harris
County District Attorney=s Office.








Malicious
prosecution: no evidence.  To
the extent Berry=s malicious prosecution claim was based on
appellees= suit in the County Court at Law
conversion case, Berry had to prove termination of the proceeding in his
favor.  See Tex. Beef Cattle Co. v.
Green, 921 S.W.2d 203, 207 (Tex. 1996) (listing malicious prosecution
elements, including termination of underlying proceeding in one=s favor).  Berry presented no summary judgment proof on
that element.[11]

Stalking: no
evidence.  To establish his
stalking claim under Texas Civil Practice and Remedies Code section 85.003, a
plaintiff must prove either the defendants violated a restraining order
prohibiting harassing behavior or:

(A) the defendant, while engaged in
harassing behavior, by acts or words threatened to inflict bodily injury on the
claimant or to commit an offense against the claimant, a member of the claimant=s family, or the claimant=s property;

(B) the defendant had the apparent
ability to carry out the threat;

(C) the defendant=s apparent ability to carry out the
threat caused the claimant to reasonably fear for the claimant=s safety or the safety of a family
member;

(D) the claimant at least once
clearly demanded that the defendant stop the defendant=s harassing behavior;

(E) after the demand to stop by the
claimant, the defendant continued the harassing behavior;  and

(F) the harassing behavior has been
reported to the police as a stalking offense.

 








Tex. Civ. Prac. & Rem.
Code Ann. ' 85.003(3)(A)B(F) (Vernon Supp.
2004) (emphasis added).  Berry did not
allege the existence or violation of a restraining order and provided no
summary judgment proof the appellees= allegedly
harassing behavior had been reported to the police as a stalking offense.

Filing of
frivolous pleadings: no evidence. 
Berry alleged the filing of Atwo frivolous
pleadings evidenced by; the Justice Court of Harris County, Precinct 1, Place
7, Cause Number CV71C0001608, and; the Harris County Civil Court at Law # 3,
Cause Number 761912, as defined in C.P.& R. Ch 9 and Ch 12.@  Texas Civil Practice and Remedies Code
chapter 9 provides for the imposition of sanctions A[a]t the trial of
the action or at any hearing inquiring into the facts and law of the action . .
.@; it does not
authorize an action brought in a separate proceeding.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 9.012(a) (Vernon
2002).

Texas Civil Practice and Remedies Code
section 12.002 provides for liability if a person makes, presents, or uses a
document or other record with

(1) knowledge that the document or
other record is a fraudulent court record or a fraudulent lien or claim against
real or personal property or an interest in real or personal property;

(2) intent that the document or
other record be given the same legal effect as a court record or document of a
court created by or established under the constitution or laws of this state or
the United States or another entity listed in Section 37.01, Penal Code,
evidencing a valid lien or claim against real or personal property or an
interest in real or personal property;  and

(3) intent to cause another person
to suffer:

(A) physical injury;

(B) financial injury;  or

(C) mental anguish or emotional
distress.

 

Tex. Civ. Prac. & Rem.
Code Ann. ' 12.002(a) (Vernon 2002) (emphasis
added).  Berry presented no summary
judgment proof appellees presented or used a document or other record with
knowledge that the document or other record was a fraudulent court record or a
fraudulent lien or claim against real or personal property or an interest in
real or personal property.








Loss of
consortium: no evidence.  A
cause of action for loss of consortium must be based on a spousal or
child/parent relationship.  Roberts v.
Williamson, 111 S.W.3d 113, 119 (Tex. 2003) (declining to extend a claim
for loss of consortium to parents of children who have been seriously injured);
Ford Motor Co. v. Miles, 967 S.W.2d 377, 378B79 (Tex. 1998)
(affirming lower court decision to extent it holds neither a stepparent nor a
sibling may recover for loss of consortium); Reagan v. Vaughn, 804
S.W.2d 463, 465B66 (Tex. 1990) (recognizing for first time
in Texas, cause of action by a child for loss of consortium of a parent).  Loss of consortium damages also cannot be
awarded for harm that involves no physical injury. Browning‑Ferris
Indus., Inc. v. Lieck, 881 S.W.2d 288, 294 (Tex. 1994).  Berry presented no evidence of a familial
relationship on which to base a claim for loss of consortium and no evidence of
physical injury.

Mental anguish
damages: no evidence.[12]  To recover for mental anguish, Berry was
required to prove such painful emotions as grief, severe disappointment,
indignation, wounded pride, shame, despair, or public humiliation.  Phar‑Mor, Inc. v. Chavira, 853
S.W.2d 710, 712 (Tex. App.CHouston [1st
Dist.] 1993, writ denied).  He also was
required to show appellees, acting knowingly or with conscious indifference,
caused a relatively high degree of mental pain and distress.  Id. 
Mere worry, anxiety, vexation, resentment, embarrassment, or anger do
not rise to the level of mental anguish. 
Id. at 713.  Berry produced
no evidence he suffered grief, severe disappointment, indignation, wounded
pride, shame, despair, or public humiliation.








Given our review of appellees= summary judgment
motions, Berry=s response, and the summary judgment proof
presented by both sides, we conclude the trial court properly granted appellees= motion for
summary judgment.  We overrule issues one
through six.[13]

Issue Seven: Motion for Sanctions

In issue seven, Berry contends the trial
court erred in denying his motion for sanctions.  This complaint appears to be based on Berry=s post-judgment
motion for sanctions in which Berry cited Texas Rules of Civil Procedure 13,
166(a), (f), (h), and (i) and 215.2(b).

To preserve a complaint for appeal, a
complaining party must either (1) obtain a ruling on his request, objection, or
motion, or (2) lodge an objection to the trial court=s refusal to
rule.  See Tex. R. App. P. 33.1(a); Cherry v. Lee, 899 S.W.2d
329, 331 (Tex. App.CHouston [14th Dist.] 1995, no writ)
(construing predecessor to rule 33.1(a)). 
The appellate record in the present case does not contain a written
order denying Berry=s motion, a reporter=s record
indicating an oral ruling, or an objection to the lack of a ruling.  Berry, nevertheless, directs this court=s attention to the
docket sheet entry containing the notation, Amtn sanctions
denied as moot.@  A
docket entry, however, may not take the place of an order required to preserve
error under Rule of Appellate Procedure 33.1(a).  See Pickell v. Guar. Nat=l Life Ins. Co., 917 S.W.2d 439,
441 (Tex. App.CHouston [14th Dist.] 1996, no writ)
(stating same with regard to predecessor to Rule 33.1(a)).  Accordingly Berry has not preserved his
complaint regarding disposition of his motion for sanctions.  See id. (holding appellant failed to
preserve error under predecessor to Rule 33.1(a) when only indication trial
court ruled on motion to transfer venue was docket sheet notation).








Nevertheless, we have reviewed Berry=s post-judgment
motion and the documents to which it refers. 
Berry=s sanctions motion rests mainly on Berry=s perception
Solomon Alied@ about the date he
was retained, with Berry=s other arguments stemming from that
perception.  The documents Berry cites in
the motion do not support his perception. 
In addition, Berry also referred to rulings by the Civil Court at Law in
the underlying case, but the relation of these rulings to Berry=s allegation of
bad faith actions by the appellees is not clear from the motion or the record.

The decision to impose sanctions lies
within the discretion of the trial court. 
See  Bodnow Corp. v. City of
Hondo, 721 S.W.2d 839, 840 (Tex. 1986) (regarding discovery sanctions under
Rule 215); Zarsky v. Zurich Mgmt., Inc., 829 S.W.2d 398, 399 (Tex. App.BHouston [14th
Dist.] 1992, no writ) (regarding Rule 13). 
An appellate court may reverse a trial court for abuse of discretion
only if, based on a search of the record, it is clear that the trial court=s decision was
arbitrary and unreasonable.  See
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42 (Tex. 1985); Landry
v. Travelers Ins. Co., 458 S.W.2d 649, 651 (Tex. 1970).  Therefore, the party that complains of abuse
of discretion has the burden to bring forth a record showing such abuse.  Simon v. York Crane & Rigging Co.,  739 S.W.2d 793, 795 (Tex. 1987).  Additionally, a trial court cannot abuse its
discretion if it reaches the right result even if for the wrong reason.  In re ExxonMobil Corp., 97 S.W.3d 353,
358 n.5 (Tex. App.CHouston [14th Dist.] 2003, orig.
proceeding).

Given the preceding standards and the
record before this court, we cannot conclude the trial court abused its
discretion in denying Berry=s motion for
sanctions.  Accordingly, we overrule
issue seven.

Issue Eight: Challenges to Trial
Court=s Order on Appellee Motion to
Strike

In issue eight, Berry challenges the trial
court=s order in which
it granted appellees= motion to strike his mental anguish
claim.  He also contends the trial court=s denial of
appellees= objections to his summary judgment proof
conflicts with the trial court=s grant of
appellees= no-evidence summary judgment motion.








Motion to Strike

On appellees= motion, the trial
court ordered Berry=s claims for physical damages and for
mental anguish struck Apursuant to Tex. R. Civ. P. 194.2 and 215,
or alternatively, pursuant to defendant=s motion for
summary judgment, plaintiff shall take nothing on his claims for physical
damages and for mental anguish due to his admission that he is not suing for
such damages.@  In
their summary judgment motion, appellees addressed Berry=s mental anguish
claim in the no-evidence portion of their summary judgment motion, but not in
the traditional portion.  In their motion
to strike the mental anguish claim, appellees argued Berry had refused to
produce medical records and had affirmatively stated, A>without waiving
those rights to amend his suit to include damages for those physical and/or
mental injuries, at this time there are no claims by the plaintiff for those
damages.=@  Berry had prefaced this statement by
explaining, APlaintiffs [sic] medical needs are
maintained by the Veterans Administration and by Social Security and are
without costs to the Plaintiff.@

As discussed above, in his response to
appellee=s no-evidence
summary judgment motion, Berry presented no evidence of mental anguish.  Thus, putting aside any admission on Berry=s behalf, the
trial court=s ruling was correct on no-evidence
grounds.

Alleged Conflict between Denial of Objections and Grant of
No-Evidence Summary Judgment

 

Berry=s argument
regarding the conflict between the trial court=s overruling of
appellee=s objections to
his summary judgment evidence and its grant of appellee=s no-evidence
summary judgment motion appears to reflect a misunderstanding of the standards
for granting a no-evidence summary judgment and the burden on the
non-movant.  Denial of appellees= objections did
not mean Berry=s proof was sufficient to raise a fact
issue regarding the challenged elements of his claims.  As we discussed above, it was not.








The trial court=s ruling on
appellee=s motion did not
constitute reversible error and was not in conflict with its ruling on
appellees= summary judgment motion.  Accordingly, we overrule issue eight.

Issue Nine: General Trial Court
Error

In issue nine, Berry contends, AThe trial court
erred by abusing it=s [sic] discretion and interpretation of
the law, clearly depriving the Appellant of his rights to be heard.@  Berry=s discussion in
support of this issue does not advance any theories beyond those we have
considered and rejected above.  We
overrule issue nine.

CONCLUSION

Having overruled Berry=s issues, we
affirm the judgment of the trial court.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed July 22, 2004.

Panel
consists of Justices Anderson, Hudson, and Draughn.[14]











[1]    Covarrubias
and Jordan initially sued Berry in a Justice of the Peace court.  When that court dismissed the case for lack
of jurisdiction, they filed their lawsuit in Harris County Civil Court at Law
No. 3, where they prevailed.  See
Berry v. Covarrubias, No. 01‑02‑01141-CV, 2004 WL 36001 at *1
(Tex. App.CHouston [1st. 
Dist.] Jan 08, 2004, no pet.) (memorandum op.) .  On January 8, 2004, the First Court of
Appeals affirmed the judgment.  See
id.





[2]  Although
appellees address Berry=s defamation claim as one involving libel and slander,
Berry cites Texas Civil Practice and Remedies Code chapter 73 and refers only
to libel.  The related allegation refers
primarily to written documents, but also accuses appellees of Autter[ing] malicious false statements.@  See Tex. Civ. Prac. & Rem. Code Ann. ' 73.001 (Vernon 1997) (defining libel as Adefamation expressed in written or other graphic form
. . .@); Messina v. Tri‑Gas Inc., 816 F. Supp.
1163, 1167 (S.D. Tex. 1993) (distinguishing libel and slander).





[3]  Appellees
characterize one of Berry=s claims as alleging malicious prosecution.  Berry did refer to malicious prosecution in
the introductory paragraphs of his petition. 
Berry, however, asserted only AVexatious
Litigants@ as described in [Civil Practice and Remedies Code]
Ch. 11,@ in his list of charges and Areserve[d] the right to pursue this charge.  Civil Practice and Remedies Code chapter 11
provides protection for defendants, such as requiring a plaintiff to furnish
security if the trial court determines the plaintiff is a vexatious
litigant.  See Tex. Civ. Prac. & Rem. Code Ann. ' 11.055 (Vernon 2002). 
Berry did not direct the trial court, and does not direct this court, to
any case law holding chapter 11 establishes a separate cause of action.





[4]  Although
appellees filed both motions in a single document, they clearly separated the
two motions.  See Russo v. Smith Int=l, Inc., 93
S.W.3d 428, 432 n.4  (Tex. App.CHouston [14th Dist.] 2002, pet. denied) (reiterating
the caution that a single document containing both motions should clearly
delineate the argument and authorities supporting one motion from those
supporting the other).





[5]  The trial
court granted appellees= motion for leave to supplement their summary judgment
proof with Berry=s responses to their request for disclosure.





[6]  The docket
sheet indicates Berry=s motion to amend and motion for new trial were denied
on September 5, 2003.  According to the
docket sheet entry, the motion for sanctions was denied as moot.  A docket sheet entry, however, cannot stand
as an order or substitute for an entry of record.  See 
Utils. Pipeline Co. v. Am. Petrofina Mktg., 760 S.W.2d 719, 723
(Tex .App.CDallas 1988, no writ); Harris County Child Welfare
Unit v. Caloudas, 590 S.W.2d 596, 598 (Tex. Civ. App.CHouston [1st Dist.] 1979, no writ).





[7]  We glean these
complaints in part  from the legal
authority Berry cites in support of his arguments.  Under issue six, Berry also sets out as Afacts@ the absence of motions for special exceptions and
findings of facts.  Special exceptions
are directed to defects in a party=s
pleadings.  See Tex. R. Civ. P. 91.  We do not view appellees as challenging the
sufficiency of Berry=s pleadings. 
Findings of fact are not proper in a summary judgment.  See Golden v. McNeal, 78 S.W.3d 488,
495 (Tex. App.CHouston [14th Dist.] 2002, pet. denied).





[8]  For claims
attacked on no-evidence grounds, we isolate at least one element on which Berry
presented no summary judgment proof.  By
not isolating additional elements in this memorandum opinion, we do not mean to
imply Berry=s proof supported those elements.





[9]  Berry also
alleged appellees Aensured derogatory entries in applicable credit
agencies,@ and referred to entry of Ajudgment from the Harris County Civil Court at Law #3
in my credit account with the Trans Union Credit Reporting Agency located in
Chester, Pa, before March 11th, 2003.@  Berry did not provide any documentation of
this credit entry in response to appellees=
no-evidence summary judgment motion, and does not direct this court to any
evidence to support a claim of libel based on this event.





[10]  A plaintiff=s pleadings generally are not competent summary
judgment evidence; however, they may form the basis of summary judgment when
the defendant asserts limitations as an affirmative defense.  Cronen v. City of Pasadena, 835 S.W.2d
206, 210 (Tex. App.CHouston [1st Dist.] 1992, no writ), overruled on
other grounds by Lewis v. Blake, 876 S.W.2d 314, 315 (Tex. 1994) (per
curiam).





[11]  Nor could he
have.  The Civil Court at Law case
terminated in appellees= favor, and the appeal was pending when Berry filed
his petition in this case.  See Tex.
Beef Cattle Co. v. Green, 921 S.W.2d 203, 208 (Tex. 1996) (holding an
underlying civil suit has not terminated in favor of a malicious prosecution
plaintiff until the appeals process for that underlying suit has been
exhausted).

 

 





[12]  Like appellees
in the trial court, we view Berry as having pleaded mental anguish damages,
rather than as having pleaded an independent cause of action for intentional
infliction of emotional distress.  See
Standard Fruit and Vegetable Co. v. Johnson, 985 S.W.2d 62, 63 (Tex. 1998)
(holding Aintentional infliction of emotional distress is not
available as an independent cause of action unless the actor intends to cause
severe emotional distress or severe emotional distress is the primary risk
created by the actor=s reckless conduct@).





[13]  In addition to
arguing the trial court correctly granted their no-evidence motion for summary
judgment, appellees argue in the alternative the trial court erred in
overruling their objections to Berry=s
summary judgment evidence.  Because of
our resolution of Berry=s issues one through six, we do not need to address
appellees= cross-point.





[14]   Senior
Justice Joe L. Draughn sitting by assignment.