**OTIS ELEVATOR CO., Appellant,**

v.

**Jessie L. JOSEPH, Appellee.**

**No. 01–87–00031–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 14, 1988.

Rehearing Denied May 5, 1988.

Marie R. Yeates, D. Ferguson McNiel, Vinson & Elkins, Houston, for appellant.

Richard P. Hogan, Jr., Fisher, Gallagher, Perrin & Lewis, Houston, for appellee.

Before JACK SMITH, COHEN and HOYT, JJ.

JACK SMITH, Justice.

In this worker's compensation, wrongful death action, the jury found that the appellant's gross negligence caused Donald Joseph's death. Based on the jury findings, the judge awarded exemplary damages of $175,000 to the appellee.

The appellee's husband, Donald Joseph, was killed while in the course and scope of his employment with the appellant. The deceased was installing an elevator for the appellant. While he was underneath the elevator, it moved downward and crushed him. Finding that the appellant had been grossly negligent and that this negligence was the proximate cause of the accident, the jury determined that the deceased's actions caused 65% of the damages and that the appellant's actions caused 35% of the damages. The jury, in a separate issue, found that actual damages occurred.

In its first and second points of error, the appellant contends that the trial court erred both in awarding the appellee exemplary damages, when the jury found the appellee's husband to be 65% at fault, and in failing to submit issues as to the appellant's ordinary negligence.

This Court has recently held that a "percentage finding of contributory negligence will not reduce punitive damages by the percent of the contributory negligence." *Turner v. Lone Star Indus., Inc.,* 733 S.W.2d 242, 244 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). This holding is premised on the concept that the primary purpose of punitive damages is not to compensate the plaintiff, but to punish the defendant and to set an example for others. *Anderson v. Trent,* 685 S.W.2d 712, 714 (Tex.App.—Dallas 1984, writ ref'd n.r.e.).

Although Tex.Civ.Prac. & Rem. Code Ann. § 33.001 (Vernon Supp.1988) bars recovery of actual damages by a plaintiff who is more than 50% negligent in a negligence action, that section does not apply to worker's compensation actions. Tex. Civ.Stat.Ann. art. 8306, § 3(a) (Vernon 1967) (under the Worker's Compensation Act, an employee waives a right of recovery in negligence, but not on gross negligence resulting in the worker's death).

The appellant further contends that the trial court erred in failing to submit issues on its ordinary negligence. The Texas Supreme Court has recently rejected the appellant's contention in *Wright v. Gifford–Hill & Co.,* 725 S.W.2d 712 (Tex.1987). The trial court was correct in refusing to submit the appellant's issues inquiring about its ordinary negligence.

However, the trial court erred in submitting ordinary negligence issues, over timely objection, inquiring about the appellee's activities. In *Wright,* the court stated: "the plaintiff in a workers' compensation case cannot recover actual damages. Consequently, questions of ordinary negligence and actual damages are not involved in an action to recover exemplary damages for the death of an employee covered by workers' compensation insurance." *Id.* at 714. (citation omitted).

The appellant contends also that the trial court erred in awarding the appellee exemplary damages when the jury found the appellee's husband to be 65% at fault.

The trial court's charge inquired about the appellant's *gross negligence* and the appellee's *negligence.* The jury answered in the affirmative to each issue and also found in separate issues that each of the parties' actions was a proximate cause of the incident in question.

Predicated upon an affirmative finding to the above issues, the court asked the jury to answer the following issue:

Find the percentage of damage, if any, caused by the conduct of the following parties.

The percentage of damages attributable to a party is not necessarily measured by the number of acts or omissions found.

Answer by stating the percentage, if any, opposite each name.

| Answer: | Donald Joseph | % |
| | Otis Elevator Company | % |
| | Total | 100% |

The jury found Joseph 65% at fault and Otis Elevator 35% at fault.

The appellee's objection to the issue was that "it asks the jury to compare ordinary negligence with gross negligence."

We conclude, for two reasons, that the court improperly submitted the comparative negligence issue. First, because the trial court erred in submitting an issue on the appellee's ordinary negligence; there was no necessity for the comparative fault issue because there would have been nothing to compare to the appellant's gross negligence. Secondly, "gross negligence" inquires about intent, i.e., "conscious indifference," while ordinary "negligence" inquires about "ordinary care," regardless of intent. Because "negligence" and "gross negligence" are different theories on which a recovery may be obtained, and because a recovery under either theory depends on separate and distinct elements of proof, the two are not comparable.

We find that the trial court correctly awarded the appellee exemplary damages, and correctly refused to submit issues on the appellant's negligence.

The appellant's first and second points of error are overruled.

In its third, fourth, and fifth points of error, the appellant contends that the evidence was legally insufficient or, alternatively, that the evidence was factually insufficient to support the submissions of, or the jury's answers to, special issues two, three, and nine. Special issue number two asked whether the appellant's failure to provide the deceased with a safe control box was gross negligence; special issue number three asked whether such gross negligence was the proximate cause of the decedent's death; and special issue number nine asked what amount of money, if any, should be assessed against the appellant as exemplary damages.

In determining "no evidence" points, we consider only the evidence and inferences that tend to support the finding, and we disregard all evidence and inferences to the contrary. *King v. Bauer*, 688 S.W.2d 845, 846 (Tex.1985); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). If there is any evidence of probative force to support the finding, the point must be overruled and the finding upheld. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ Legal insufficiency points of error must be sustained when the record discloses one of the following: 1) a complete absence of evidence of a vital fact; 2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; 3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or 4) the evidence establishes conclusively the opposite of a vital fact. *Commonwealth Lloyd's Ins. Co. v. Thomas*, 678 S.W.2d 278, 288 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.).

In reviewing all questions of "factual sufficiency," we consider and weigh all the evidence, in support of and contrary to the challenged finding. The finding must be upheld unless we find that the evidence is so weak or the finding is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *In re King's Estate*, 150 Tex. at 662, 244 S.W.2d at 660; *Sheridan & Son Co. v. Seminole Pipeline Co.*, 731 S.W.2d 620, 623 (Tex.App.—Houston [1st Dist.] 1987, no writ).

We may not substitute our opinion for that of the trier of fact merely because we might have reached a different fact conclusion. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951); *Thompson v. Wooten*, 650 S.W.2d 499, 501 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Further, the trier of the fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Rego v. Brannon*, 682 S.W.2d 677, 680 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

■ The test for gross negligence is both objective and subjective; a plaintiff may prove a defendant's gross negligence by showing that: 1) the defendant had actual subjective knowledge that his conduct created an extreme degree of risk; or 2) under the surrounding circumstances, a reasonable person would have realized that his conduct created an extreme degree of risk to the safety of others. *Williams v. Steves Indus., Inc.*, 699 S.W.2d 570, 573 (Tex.1985).

■ Evidence adduced at trial indicates that the decedent was under the elevator when the temporary control box fell. This fall caused the electrical circuit to close, activating the elevator and causing it to move unexpectedly downward, crushing the decedent.

Mr. D.D. Bailey, the elevator mechanic in charge of the building site where the accident occurred, stated that his investigation into the cause of the accident indicated that the control box fell about four to five feet. This caused the contacts inside the box, held by spring-clips, to complete the electrical circuit and activate the elevator. Mr. Bailey stated that this movement occurred because the stop button on the control box had not been activated properly.

Otis safety regulations required the stop button to be pushed while work on the elevator was in progress, but Mr. Bailey admitted that, at times, even he failed to push the button. More importantly, Mr. Bailey stated that it was foreseeable that an employee working on the elevator would fail to do so.

John Donnelly, testifying as an expert for plaintiff, stated that the control box that Otis used during construction was not designed for use as a temporary box. He stated that the box was designed for the purpose of running the elevator, while standing on top of the cab, during elevator inspections.

Mr. Donnelly also testified that in his opinion the box was not designed properly for two reasons: 1) that it used spring clips to complete the electrical circuit; and 2) that it did not have a common button that must be pushed concurrently with the directional button. Mr. Donnelly stated that the use of spring clips in a hand held device was dangerous because of the great risk that the control box would be dropped or kicked, causing the elevator to move. He surmised, however, that spring clips were used because they were quicker and less expensive than other designs.

Mr. Donnelly stated that use of a control box without a common button was dangerous because it violated one of the engineer's basic tenets: that is, to never design something whereby a single failure would cause movement. In other words, a common button, as advocated by Mr. Donnelly, would have required multiple failures in the electrical system to have caused inadvertent elevator movement.

In addition, Mr. Donnelly stated that there were ways to design these electrical boxes that would have prevented the problem that occurred at the time of the accident. Finally, it was Mr. Donnelly's expert opinion that so long as the research engineers at Otis knew that this control box, designed to be permanently attached to the roof of the elevator cab, was being used as a temporary box, they would have had to know that the box could have failed causing death or injury.

This evidence constituted some evidence to support the jury's findings. Moreover, neither the evidence nor the jury's findings are so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust.

The appellant's third, fourth, and fifth points of error are overruled.

In its sixth, seventh, eighth, ninth, and tenth points of error, the appellant contends that the trial court erred in submitting certain definitions and special issues two and nine. Specifically, the appellant argues that the trial court erred by: 1) failing to submit gross negligence in terms of "heedless and reckless" disregard, thus

misstating the law; 2) overruling the appellant's objection to the submitted definition of "conscious indifference," thus misstating the law and commenting on the weight of the evidence; 3) overruling the appellant's objection to special issue number two, which misstated the law and commented on the weight of the evidence; and 4) overruling the appellant's objection to special issue number nine, which misstated the law and commented on the weight of the evidence.

The Texas Supreme Court held in *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n*, 710 S.W.2d 551 (Tex.1986), that:

> to determine whether an alleged error in the jury charge is reversible, the reviewing court must consider the pleadings of the parties, the evidence presented at trial, and the charge in its entirety. Alleged error will be deemed reversible only if, when viewed in the light of the totality of these circumstances, it amounted to such a denial of the rights of the complaining party as was reasonably calculated and probably did cause the rendition of an improper judgment.

*Id.* at 555 (citing former Tex.R.Civ.P. 434, now Tex.R.App.P. 81).

■ The appellant complains specifically that the court's charge did not exactly track the pattern jury charge on gross negligence. This observation is correct; however, the charge submitted by the trial court in the instant case has been approved essentially by the supreme court. The court in *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 920 (Tex.1981), ratified the definition of gross negligence used in *Missouri Pac. Ry. Co. v. Shuford*, 72 Tex. 165, 171, 10 S.W. 408, 411 (1888). In *Burk*, the court held that for entitlement to exemplary damages, there must be evidence of an entire want of care that would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it. This is, essentially, the definition submitted by the trial court in the instant case.

Concerning the appellant's complaint about the trial court's failure to submit the charge in terms of "heedless and reckless disregard," we note that the supreme court has held this phrase to be synonymous with gross negligence. *Burk Royalty Co. v. Walls*, 616 S.W.2d at 920. We hold that there was no error in the gross negligence definition, nor was there error in refusing to phrase the definition in terms of "heedless and reckless disregard."

■ The appellant further contends that the submitted definition of "conscious indifference" misstated the law. The definition submitted by the trial court is taken from the supreme court's decision in *Williams v. Steves Indus., Inc.*, 699 S.W.2d 570, 573 (Tex.1985). In *Williams*, the court stated that " 'conscious indifference' denotes a decision, in the face of an impending harm to another party, to disregard the consequences of the act which may ultimately lead to that harm." *Id.* Because the supreme court has endorsed this definition, there is no error.

■ The appellant argues that the trial court's instruction in special issue number two (which stated that "gross negligence may be proved by evidence that under the surrounding circumstances a reasonable person would have realized his conduct created an extreme degree of risk to the safety of others") misstated the law. After *Burk Royalty*, the key question in distinguishing between negligence and gross negligence has become the "conscious indifference" component. *Burk Royalty Co. v. Walls*, 616 S.W.2d at 911. However, a test requiring the plaintiff to prove gross negligence by direct evidence of a "defendant's subjective state of mind would leave outrageous conduct unpunished." *Williams v. Steves Indus., Inc.*, 699 S.W.2d at 573. Therefore, the court held that such a mental state may be inferred from the actions of the defendant. *Id.*

Thus, "a plaintiff may objectively prove a defendant's gross negligence by proving that under the surrounding circumstances

a reasonable person would have realized that his conduct created an extreme degree of risk to the safety of others." *Id.* Because of the onerous burden created by the subjective test, it is proper for the trial court to inform the jury that proof may be shown objectively. We find no error in submitting the instruction.

■ Finally, the appellant contends that the trial court's instruction to special issue number nine misstated the law. Specifically, it complains that the pattern jury charge does not permit surplus instructions in determining exemplary damages. The Texas Supreme Court, however, has held that there are factors that can be considered in determining a reasonable award. These factors include: "(1) the nature of the wrong, (2) the character of the conduct involved, (3) the degree of culpability of the wrongdoer, (4) the situation and sensibilities of the parties concerned, and (5) the extent to which such conduct offends a public sense of justice and propriety." *Alamo Nat'l Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex.1981). There was no error in submitting these considerations to the jury.

Throughout its points of error on the jury issues, the appellant contends that these issues, instructions, and definitions constitute improper comments on the weight of the evidence. However, considering the pleadings, evidence, and charge in its entirety, we do not find that any of these points, taken separately or together, rise to the level of being reasonably calculated to and probably causing the rendition of an improper judgment. *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n*, 710 S.W.2d at 555.

The appellant's sixth, seventh, eighth, ninth, and tenth points of error are overruled.

In its 11th point of error, the appellant contends that the trial court erred in failing to submit an issue on "vice-principal" ratification or approval. Specifically, the appellant contends that the judgment for the appellee is incorrect as a matter of law because all the required fact issues were not submitted properly to the jury.

■ Texas law provides that an award for punitive damages against a corporate defendant must be predicated on a finding that such gross negligence was authorized, ratified, or approved by a vice-principal of the corporation. *King v. McGuff*, 149 Tex. 432, 434–35, 234 S.W.2d 403, 405 (1950). However, there are some corporate duties and responsibilities that may not be delegated. A breach of one of these duties does not require ratification. *See Burk Royalty Co. v. Walls*, 616 S.W.2d at 923–24.

■ These duties include: 1) the duty to provide rules and regulations for the safety of employees, and to warn them, under certain conditions, of the hazards of their positions or employment, *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 135–36, 70 S.W.2d 397, 401 (1934); 2) the duty to furnish reasonably safe machinery and/or instrumentalities with which its servants are to labor, *id.;* 3) the duty to furnish its servants with a reasonably safe place to work, *id.;* and 4) the duty to exercise ordinary care in selecting careful and competent fellow servants or co-employees. *Id.*

■ The special issues were framed so that the jury's affirmative response to special issue number one, finding that the appellant failed to provide a safe elevator control box, violated the non-delegable duty of providing safe machinery or instrumentalities. The vice-principal issue was not necessary.

The appellant's 11th point of error is overruled.

The trial court's judgment is affirmed.