PHAR–MOR, INC. a/k/a Phar–
Mor Discounts, Appellant,

v.

Pete H. CHAVIRA and Joann
Chavira, Appellees.

No. 01–91–00882–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 8, 1993.

Carla Bennett, Mark Ramsey, Houston, for appellant.

Newton B. Schwartz, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION ON MOTION FOR REHEARING

O'CONNOR, Justice.

We overrule the motion for rehearing, but we withdraw our earlier opinion and substitute the following opinion in its stead. This Court is asked to determine if there is sufficient evidence to support the jury's findings the defendant invaded the privacy of the plaintiffs, the invasion was malicious, it caused the plaintiffs mental anguish, and the injury was compensable by damages for mental anguish, exemplary damages, and actual damages. We affirm the breach of contract damages and reverse and render the remainder of the case.

### Fact summary

Pete and Joann Chavira sued Phar–Mor, Inc. a/k/a Phar–Mor Discounts (Phar–Mor), for the breach of a video tape rental agreement, mental anguish damages for the way in which the agreement was breached, the negligence of Phar–Mor's employees in failing to determine when the video tapes were to be returned, damages for searching their house and removing personal property without a valid consent, and damages for trespass.

Ron Chavira, their 24–year–old son, worked at a Phar–Mor store as its video department manager. Joann Chavira worked as the office manager at another Phar–Mor store. Ron lived with his parents. Ron was questioned by Phar–Mor's loss prevention personnel about taking cigarettes and candy and failing to return three video tapes he had rented. The store computer listed the tapes as having been returned, but they were missing from the department. During the interrogation, Ron told the investigators two of the tapes were on a shelf under the register. When they could not locate the third tape, Ron said he might have left it at home with other tapes from another store. After the questioning, two of the Phar–Mor employees took Ron to his parents' house to look for the missing tape.

When they arrived at the house, it was empty. In the living room, Ron picked up six tapes that appeared to be rented from a Phar–Mor store and gave them to the Phar–Mor employees. The investigators were in the house for about five minutes. Neither Phar–Mor employee saw any neighbors around.

When they got back to the store, the manager fired Ron. Ron left the store and stopped by his mother's store on the way home. He told her the six tapes had been taken from the house. Mrs. Chavira called one of the investigators and asked him why he had taken her tapes, which she had rented from a different store. He said he would come over, and they could discuss it, but he never came.

In response to questions, the jury found: (1) Phar–Mor invaded the privacy of the Chaviras; (2) the invasion proximately caused mental anguish; (3) the damages for the mental anguish were $10,000; (4) Phar–Mor acted with malice; (5) the exemplary damages for the malice were $50,000; and (6) the damages for failure to comply with the rental agreement were $2.50.

### 1. Mental anguish

In point of error one, Phar–Mor contends there is no evidence, or alternatively, insufficient evidence to support the jury's finding of invasion of privacy and mental anguish.

In reviewing legal insufficiency, we consider only the evidence and inferenc-

es tending to support the finding and disregard all evidence and inferences to the contrary. *Sherman v. First Nat'l Bank,* 760 S.W.2d 240, 242 (Tex.1988); *Otis Elevator Co. v. Joseph,* 749 S.W.2d 920, 923 (Tex.App.—Houston [1st Dist.] 1988, no writ). If there is more than a scintilla[1] of evidence to support the finding, we must overrule the "no evidence" point of error. *Sherman,* 760 S.W.2d at 242.

In reviewing factual insufficiency points, we examine all of the evidence, both the evidence that supports the finding and the evidence that controverts the finding. *Lofton v. Texas Brine Corp.,* 720 S.W.2d 804, 805 (Tex.1986); *Otis Elevator,* 749 S.W.2d at 923. In the review of a factual sufficiency point, we can only set aside the finding if it is so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *Id.* We cannot substitute our opinion for that of the trier of fact to determine if we would reach a different conclusion. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792, 796 (1951); *Otis Elevator,* 749 S.W.2d at 923.

The jury question challenged by Phar–Mor's point of error one is:

## QUESTION NO. 2

Do you find from a preponderance of the evidence that the Defendant's invasion of Plaintiffs' privacy proximately caused mental anguish to Plaintiffs?

Answer: We do.

Proximate cause has two elements: cause in fact and foreseeability. *Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex.1992). Cause in fact means the act or omission was a substantial factor in bringing about the injury, without which the harm would not have occurred. *Id.* Foreseeability determines if the actor, as a person of ordinary intelligence, should have anticipated the dangers his negligent act created for others. *Id.*

The jury found the Chaviras suffered mental anguish that was proximately caused by the invasion of privacy. Mental anguish is defined as intense pain of body or mind or a high degree of mental suffering. *Hicks v. Ricardo,* 834 S.W.2d 587, 590 (Tex.App.—Houston [1st Dist.] 1992, no writ); *K-mart Corp. Store No. 7441 v. Trotti,* 677 S.W.2d 632, 639 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Mental anguish is something more than mere worry, anxiety, vexation, or anger. *Hicks,* 834 S.W.2d at 590; *Trotti,* 677 S.W.2d at 639. It is more than disappointment, resentment, or embarrassment. *Gill v. Snow,* 644 S.W.2d 222, 224 (Tex.App.—Fort Worth 1982, no writ). To recover for mental anguish, the Chaviras must prove such painful emotions as grief, severe disappointment, indignation, wounded pride, shame, despair, or public humiliation. *Havens v. Tomball Community Hosp.,* 793 S.W.2d 690, 692 (Tex.App.—Houston [1st Dist.] 1990, writ denied). The Chaviras must show Phar–Mor, acting knowingly or with conscious indifference, caused a relatively high degree of mental pain and distress. *Underwriters Life Ins. Co. v. Cobb,* 746 S.W.2d 810, 819 (Tex.App.—Corpus Christi 1988, no writ).

The Chaviras were not at home when the inspectors entered their house, and no neighbors saw them enter or leave the house with Ron. Mrs. Chavira testified she asked her neighbors if they saw Ron with the investigators, and they said they did not. Thus, no public humiliation was involved.

Mr. Chavira testified that since the entry into their house, his wife had headaches, was nervous, and could not sleep. He said every morning he asks her if she is alright, and she responds that she is. Mr. Chavira testified his wife did not see a doctor or counselor about her problems. When asked about his own reaction, Mr. Chavira did not identify any emotional or physical response he had to the entry into his house.

When Mrs. Chavira was asked about her reaction to the entry, she said "It's been rough on me." She said she has been very

---

1. A "scintilla" of evidence does no more than create a mere surmise or suspicion of its existence. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983).

nervous and upset, and she worries about being fired because she filed the lawsuit. She admitted on cross-examination Phar-Mor has not retaliated against her, has not indicated they would fire her, and has even given her a raise. In response to an interrogatory, Mrs. Chavira described her mental anguish damages as the embarrassment of having their house searched.

We find no evidence Mr. Chavira suffered any damages. We find Mrs. Chavira suffered only minimal discomfort from the incident; nothing that would rise to the level of grief, severe disappointment, indignation, wounded pride, shame, despair, or public humiliation. *Havens*, 793 S.W.2d at 692. Mrs. Chavira suffered, at most, mere worry, anxiety, vexation, resentment, embarrassment, or anger, which do not rise to the level of mental anguish. *Hicks*, 834 S.W.2d at 590; *Trotti*, 677 S.W.2d at 639; *Gill*, 644 S.W.2d at 224.

We sustain the no evidence challenge under point of error one on mental anguish, because there is no evidence to support the jury's finding. We sustain also the factual insufficiency challenge under the same point.[2]

Under our holding, Phar-Mor is entitled to rendition of judgment on the issue of mental anguish and the dependent findings of invasion of privacy and actual damages.

## 2. Exemplary damages

In point of error three, Phar-Mor argues the trial court erred in denying its judgment not withstanding the verdict (JNOV) regarding exemplary damages, because there was no evidence to support the jury's finding of malice.

The trial court should grant a motion to disregard a jury finding when the evidence is conclusive, and one party is entitled to judgment on the issue as a matter of law. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227 (Tex.1990).

We have examined the record carefully, and we cannot find any evidence of malice on the part of Phar-Mor to the Chaviras. Nothing in this record supports any inference that Phar-Mor acted with malice.

We sustain Phar-Mor's point of error three. Under our holding under this challenge, Phar-Mor is entitled to rendition of judgment on the issue of malice, and the dependent finding of exemplary damages.

## 3. Remittitur

In point of error four, Phar-Mor asserts the trial court erred in denying its motion for new trial to remit the excessive award of exemplary damages.

Because of our findings on the other points of error, it is not necessary for us to address the remittitur issue.

## 4. *Batson* challenge

In point of error two, Phar-Mor contends the trial court erred by reinstating two panel members in response to the Chaviras' *Batson*[3] objection. Because of our holdings under points of error one and two, we do not find it necessary to address this point.

### Summary

For the reasons stated, we reverse the trial court's judgment of mental anguish damages of $10,000 and exemplary damages of $50,000, and render judgment that the Chaviras recover no mental anguish or exemplary damages. We affirm the remainder of the trial court's judgment.

---

2. Under point of error one, Phar-Mor also challenges the jury's finding of invasion of privacy. Because we sustain the challenge to the finding on mental anguish, we do not find it necessary to address the challenge to the finding of invasion of privacy, because damages for an invasion of privacy in this case are dependent upon a finding of mental anguish.

3. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).