11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
Victoria L. Carter
            Appellant
Vs.                  No. 11-03-00178-CV -- Appeal from Taylor County
James Prescott Johnson 
            Appellee
 
            Victoria L. Carter filed suit against James Prescott Johnson in justice court, alleging that
Johnson failed to pay rent on property owned by Carter and that Johnson damaged the rental pro-perty. The justice of the peace found for Carter after Johnson failed to appear for trial. Johnson
appealed the cause to the county court at law. Carter amended her pleadings to include claims that
Johnson had failed to pay a debt to her for a car loan and that Johnson had damaged her personal
residence. The county court at law found in favor of Johnson and ordered that Carter take nothing
in her suit. We affirm.
            Carter is Johnson’s mother. Carter agreed to let Johnson live in a rental house that she
owned. Johnson agreed to pay the monthly mortgage payment while he lived in the house. Johnson
testified at trial that he made repairs and improvements to the property while he lived there. Carter
testified that Johnson damaged the property while living there and that Johnson failed to make some
of the rental payments.
            Johnson testified that he took out a loan at Dyess Federal Credit Union to purchase a car.
Johnson asked his mother for assistance in making the car loan payment. The record shows that
Carter paid off the entire amount of the loan. The parties dispute whether Carter’s payment of the
loan was a gift or a loan to Johnson. 
            Carter does not, in her first two issues on appeal, claim that the trial court’s findings of fact
are based upon legally or factually insufficient evidence. This observation is underscored by the fact
that there are no references in Carter’s brief to the standards of review for legal or factual sufficiency
questions. Instead, Carter attacks the conclusions of law made by the trial court. 
            Appellate courts may review conclusions of law when attacked as a matter of law, but we do
not make that review on sufficiency grounds as we would when sufficiency points are raised. Mercy
v. Bludworth, 715 S.W.2d 693, 697 (Tex.App. - Houston [1st Dist.] 1986, writ ref’d n.r.e), overruled
on other grounds by Shumway v. Horizon Credit Corporation, 801 S.W.2d 890 (Tex.1991). We will
review the legal conclusions that the trial court has drawn from the facts found in order to determine
whether the conclusions are correct. Mercy v. Bludworth, supra. 
            In Carter’s first issue, she claims:
            The trial court erred when it ruled that Carter failed to meet her burden of
proof showing Appellee was indebted to her for the money she paid Dyess Federal
Credit Union for the Chrysler Sebring, which resulted in an erroneous ruling that
failed to include Carter’s intent, i.e., donor’s intent, behind payment of Appellee’s
debt. 
 
We take the issue as a challenge to the trial court’s conclusion of law that “[t]he Plaintiff [Carter]
failed to meet her burden of proof in showing the Defendant was indebted to her for the money she
paid Dyess Federal Credit Union for the Chrysler Sebring.”
            Johnson testified at trial that, after he took out the car loan, he had trouble making the
payments. Johnson asked Carter for assistance in making one payment on the loan. Johnson
testified that Carter paid the entire loan amount, although he did not ask her to pay the entire amount. 
Johnson further stated that, at that time, he did not intend to pay Carter back for the loan amount and
that they did not discuss Johnson paying Carter for the loan amount. A few months later, Carter
requested payment from Johnson and also requested that he sign a promissory note. Johnson
testified that he refused to sign a promissory note or security agreement. At trial, Carter presented
a copy of a promissory note and security agreement with Johnson’s signature. Johnson testified that
that was not his signature on the documents. 
            Carter testified at trial that she paid off Johnson’s loan at Dyess Federal Credit Union with
the understanding that Johnson would repay her in monthly payments. Carter stated that she did not
intend the payment as a gift but, rather, as a loan to Johnson. Carter admitted that she did not perfect
a lien against the title to the car after paying the car loan for Johnson. 
            Carter had the burden to prove that Johnson owed her money in connection with the vehicle
note. See, e.g., Cauble v. Handler, 503 S.W.2d 362, 363 (Tex.Civ.App. - Fort Worth 1973, writ
ref’d n.r.e.)(where the burden of proof of the existence of the debt and the amount of the debt was
placed upon the one claiming the debt). The trial court heard conflicting testimony concerning
Carter’s payment to Dyess Federal Credit Union for Johnson’s used car loan. The trier of fact is the
sole judge of the credibility of the witnesses and the weight to be given their testimony. Otis Elevator
Co. v. Joseph, 749 S.W.2d 920, 923 (Tex.App. - Houston [1st Dist.] 1988, no writ). The trial court
found that Carter’s son, Johnson, asked Carter to help him with one car payment; that instead of
helping him with one car payment, after some discussion with Dyess Federal Credit Union personnel
about their loaning that much money to an 18-year-old, Carter wrote them a check and paid off the
entire note; that, although Carter was an attorney, she did not transfer the title to the vehicle to her
but, rather, allowed it to be released to Johnson; that Carter did not ask Johnson to sign a promissory
note until approximately one month after the note had been paid; and that, while Carter said that
Johnson signed a promissory note to her, Johnson denied signing the note. After hearing all of the
evidence, the trial court entered its findings and concluded therefrom that Carter did not meet her
burden to establish that Johnson was indebted to her for the amount of the vehicle loan. We find that
the trial court correctly applied the law to its unchallenged findings of fact when it entered its
conclusions. Carter’s first issue on appeal is overruled. 
            In her second issue on appeal, Carter argues:
            The trial court erred when it ruled that Appellee did not damage the rental
property located at 714 Ross, and when the court ruled that Appellee had no
obligation to pay past due rental payments to Carter. 
 
We take the issue as a challenge to the following conclusions of law made by the trial court: “The
Plaintiff [Carter] failed to meet her burden of proof in showing the Defendant did not pay rent in
cash for the months checks were not written” and “The Plaintiff failed to meet her burden of proof
in showing the property at 741 Ross was damaged during the occupancy of the Defendant.” 
            Carter testified at trial that there were six months in which Johnson failed to pay rent. Carter
further testified that Johnson damaged the rental property and offered pictures of the property as
evidence of the damage. Johnson testified that he did not enter into a rental agreement with Carter
and that he did not make payments for “rent” to Carter. Johnson testified that he paid Carter $166
per month while living in the house, which was the amount of the mortgage on the house. Johnson
further testified that he would sometimes make the payment in cash or that he would work for Carter
in exchange for the monthly payment. Johnson stated that he did not damage the rental property and
that he made improvements on the rental property while living there. 
            The trial court found that Johnson made some of the rental payments to Carter in cash and
by work done on the home and that Carter did not meet her burden in showing that Johnson failed
to make the rental payments on the months in question. The trial court further found that Johnson
moved into the rental property owned by Carter with the intention of making repairs needed on the
property; that Johnson paid Carter $166 by check five times; that the uncontroverted testimony of
Carter is that some rental payments were made by cash payments and the others were done by work
on Carter’s home and other rental properties; that the property was not in good condition when
Johnson moved into the house or when he moved out of the house; and that the date of the damage
was not established as being before or after Johnson moved in. We find that the trial court correctly
applied the law to its unchallenged findings of fact when it entered its conclusions. Carter’s second
issue on appeal is overruled.
            In her third issue on appeal, Carter complains that the trial court erred in admitting evidence. 
On March 5, 2003, Carter filed a motion to exclude Johnson’s responses to requests for disclosure, 
responses to requests for production, and answers to interrogatories. Carter sought to exclude the
evidence because the responses were untimely. On March 7, 2003, the trial court held a hearing on
Carter’s motion. At the hearing, Johnson acknowledged that the responses were 11 days late. After
explaining to the trial court the reason for the late responses, Johnson noted that, due to the unique
circumstances of the case, Carter was not unfairly surprised by the untimely responses. The trial
court denied Carter’s motion for exclusion, but allowed Carter a motion for continuance. Carter
proceeded with the witnesses who were present, and the case was then continued until March 28,
2003. 
            We review a trial court’s decision on discovery sanctions for an abuse of discretion. See
Bodnow Corporation v. City of Hondo, 721 S.W.2d 839 (Tex.1986). The record shows that Carter
was allowed a motion for continuance to adequately prepare for trial as a result of the late responses
to discovery. Carter has not shown that the trial court abused its discretion in admitting the evidence. 
Carter’s third issue on appeal is overruled.
            In her fourth issue on appeal, Carter claims that the trial court erred in allowing Johnson to
present “affirmative defenses.” Carter argues that Johnson presented the affirmative defenses of
accord and satisfaction, payment, and duress and that Johnson did not include the defenses in his
pleadings. Carter further argues that the trial court “sua sponte” implied the defense of necessity. 
            Johnson testified that he did not owe Carter for past due rent or for the amount she paid to
Dyess Federal Credit Union. Johnson denied damaging Carter’s rental property. The trial court
found that Carter did not meet her burden in showing that Johnson owed her for the money she paid
to Dyess Federal Credit Union, that Johnson owed her for past due rent, or that Johnson damaged
her rental property. The trial court further found that Carter did not meet her burden in proving that
Johnson committed “malicious mischief/negligence...when he kicked in the door of [Carter’s] resi-dence.” The record does not support Carter’s argument that the trial court erroneously admitted
evidence of affirmative defenses. Carter’s fourth issue on appeal is overruled.
            The judgment of the trial court is affirmed.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE
 
January 31, 2005
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.