Opinion issued December 3, 2009













 
 

 






In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00965-CV






YANETTA DEMBY, Appellant


V.


LAMACHUS RIVERS, Appellee






On Appeal from the 125th District Court 

Harris County, Texas

Trial Court Cause No. 2006-77297






MEMORANDUM OPINION 

 This suit was brought by appellant, Yanetta Demby, against Lamachus Rivers,
appellee, after the two were involved in a motor vehicle collision in Harris County,
Texas. Appellant appeals from the jury's verdict awarding appellee damages for
personal injuries he sustained as a result of the collision. In a single issue, appellant
claims that the evidence is legally and factually insufficient to support the jury's
damage award for past and future physical impairment. We affirm.

Legal and Factual Sufficiency

 When a party attacks the legal sufficiency of an adverse finding of an issue on
which he did not have the burden of proof, the appellant must show that there is no
evidence to support the adverse finding. Croucher v. Croucher, 660 S.W.2d 55, 58
(Tex. 1983). We consider only the evidence and inferences that tend to support the
finding and disregard all evidence and inferences to the contrary. Sw. Key Program,
Inc. v. Gil-Perez, 81 S.W.3d 269, 274 (Tex. 2002). If more than a scintilla of
evidence exists to support the finding, the no evidence challenge fails. Formosa
Plastics Corp., U.S.A. v. Presidio Eng'rs and Contractors, Inc., 960 S.W.2d 41, 48
(Tex. 1998). 

 When a party attacks the factual sufficiency of an adverse finding on an issue
on which the other party had the burden of proof at trial, he must establish on appeal
that there is insufficient evidence to support the adverse finding. See Raw Hide Oil
& Gas, Inc. v. Maxus Exploration Co., 766 S.W.2d 264, 275-76 (Tex.
App.--Amarillo 1988, writ denied). To review this, we examine the entire record,
considering and weighing all the evidence, both in support of and contrary to, the
challenged finding. See Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); Plas-Tex,
Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989). We must uphold the
finding unless the evidence that supports it is so weak that it renders the finding
clearly wrong or manifestly unjust. See In re King's Estate, 244 S.W.2d 660, 661
(Tex. 1951); Raw Hide, 766 S.W.2d at 275-76; Otis Elevator Co. v. Joseph, 749
S.W.2d 920, 923 (Tex. App.--Houston [1st Dist.] 1988, no writ).

 The jury awarded appellee $10,000 for past physical pain and mental anguish,
$10,000 for past physical impairment, $5,000 for future physical pain and mental
anguish and $5,000 for future physical impairment. Appellant claims that the
evidence of damages is neither legally nor factually sufficient to support the judgment
with respect to past and future physical impairment. Specifically, appellant claims
that most of the evidence presented detailed appellee's inability to work, a separate
compensable injury. Additionally, appellee claims that appellant's preexisting
conditions required expert testimony to allow the jury to discern what conditions
afflicted appellee both before and after the accident.

Legal Standard for Loss of Physical Capacity Damage Award


 When someone suffers personal injuries, the damages fall within two broad
categories--economic and non economic damages. Golden Eagle Archery, Inc. v.
Jackson, 116 S.W.3d 757, 763 (Tex. 2003). Traditionally, economic damages are
those that compensate an injured party for lost wages, lost earning capacity, and
medical expenses. Non economic damages include compensation for pain, suffering,
mental anguish, and disfigurement. Id. "Hedonic" damages are another type of non
economic damages and compensate for loss of enjoyment of life. Id.

 Texas courts, including the Texas Supreme Court, have long recognized that
"physical impairment" could encompass both economic and non economic damages. 
Id. In Golden Eagle Archery, Inc. v. Jackson, the Texas Supreme Court noted that
"[c]ourts across the country have struggled with whether loss of enjoyment of life is
compensable at all, and if so, whether it is part of pain and suffering, mental anguish,
or physical impairment, or is a separate, independent category of damages." Id. at
768. The Supreme Court noted that there is a logical nexus between loss of
enjoyment of life and each of the categories of non economic damages recognized in
Texas--pain, suffering, mental anguish, disfigurement, and physical impairment. Id.
at 768-69.

 Citing Golden Eagle, appellant urges that in order for a plaintiff to recover for
physical impairment, "the effect of any physical impairment must be substantial and
extend beyond any pain, suffering, mental anguish, lost wages, or diminished earning
capacity,"and that a claimant should not be compensated more than once for the same
elements of loss or injury. Id. at 770, 772. The Golden Eagle Court also noted that
limiting a plaintiff's recovery to this theory of "physical impairment" alone "does not
fully eliminate the overlap among physical impairment, pain, suffering, mental
anguish, and disfigurement," nor does it "give adequate guidance about whether the
impairment must be the result of a permanent injury." Id. at 769-70. The Court held,
"when the evidence supports such a submission, loss of enjoyment of life fits best
among the factors a factfinder may consider in assessing damages for physical
impairment." Id. at 772. 

 In the instant case, no definition of "physical impairment" was given in the
trial court's charge. Appellant objected to the charge on the basis that "the evidence
that the jury has heard in this case is not distinguished by a separate and unique
element of damage in terms of physical impairment," but appellant's request was
overruled. Appellant does not bring any issue on appeal about the jury charge. We
note, however, that the jury charge included an instruction that the jury was to
consider each damage element separately and was not to include damages for one
element in any other element. 

Sufficiency of the Evidence

 Dr. Wilner Jeudy, a board certified family physician, testified first on behalf
of appellee regarding damages. Dr. Jeudy stated that in his opinion appellee injured
his neck and back as a result of the accident. Furthermore, Dr. Jeudy opined that
appellant's pre-existing shoulder injury was made worse by the accident. On cross-examination, Dr. Jeudy testified that appellee's shoulder injury was 75% due to the
accident and 25% due to an underlying condition, based on reasonable medical
probability. The doctor testified that appellee was suffering from muscle strains and
spasms that were painful. Dr. Jeudy also opined that appellee's pain was sufficient
to keep appellee from performing daily activities, such as automotive work. Dr.
Jeudy concluded that he expected appellee to continue to suffer from pain in the
future. 

 Appellee's son, Lamachus Rivers, Jr., testified that, before the accident,
appellee was "independent," but since the accident, appellee is barely able to lift his
arm. Rivers told the jury that appellee's lifestyle has changed tremendously since the
accident and that appellee requires assistance from Rivers "quite often." Specifically,
Rivers testified that he drives from Austin to Houston to "take [appellee] places and
see about his needs," which Rivers did not do as frequently before the accident. 
Rivers also testified that, since the accident, he takes appellee grocery shopping, does
appellee's yard work, dishes, and other work around the house. 

 The final testimony regarding damages came from appellee. Appellee told the
jury that his injuries from the accident are still painful and that the pain is "a
miserable feeling." He stated that since the accident he cannot lift his arm beyond a
certain point and that his neck and low back "give [him] trouble." Appellee testified
that, as a result of the accident, he is unable to work around the house, lift things, and
dress himself. He also told the jury that he requires assistance cooking his meals
since the accident. Finally, appellee testified that prior to the accident he was
winding down his automobile repair business. He told the jury that, after the
accident, he closed the business down completely because his strength was failing. 

 Having reviewed all the evidence, we hold that it is legally and factually
sufficient to support the jury's damage award for past and future physical impairment. 
Contrary to appellant's claim that most of the evidence presented detailed appellee's
inability to work, appellee's inability to work after the accident was a part, but not all,
of appellee's proof of physical impairment damages. In addition to his inability to
work after the accident, the record provides ample evidence that appellee was unable
to perform numerous daily activities, such as dressing himself, housework, cooking,
and yardwork. Based on the testimony, the jury could have concluded that appellee's
injuries resulted in compensable loss of enjoyment of life. Golden Eagle, 116 S.W.3d
at 772-73. Appellant argues further that, without expert testimony, the jury was unable to
surmise which of appellee's injuries resulted from pre-existing conditions as opposed
to the accident. However, Dr. Jeudy stated that in his opinion appellee injured his
neck and back as a result of the accident. Furthermore, Dr. Jeudy opined that
appellant's pre-existing shoulder injury was made worse by the accident. On cross-examination, Dr. Jeudy testified that appellee's shoulder injury was 75% due to the
accident and 25% due to an underlying condition, based on reasonable medical
probability. 

 Having reviewed all the evidence, we hold that the evidence is legally and
factually sufficient to support the damage award as to loss of physical capacity.

Conclusion

 The trial court's judgment is affirmed. 


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Massengale.