**Opinion issued April 14, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00681-CV

————————————

**CHI TRUC HOANG, Appellant**

**V.**

**TREVOR GILBERT AND JORJA GILBERT, Appellees**

On Appeal from the 334th District Court
Harris County, Texas
Trial Court Case No. 2011-58137A

## MEMORANDUM OPINION

In this appeal, we determine whether a hold harmless provision in a real estate contract will support a claim for attorney's fees. The buyers of a flood-damaged house sued the sellers and their real estate agent for fraud, conspiracy, and violations of the Deceptive Trade Practices Act. The real estate agent, Chi

Truc Hoang, answered and counterclaimed. Relying on a hold harmless provision in the contract between the sellers and the buyers and the Declaratory Judgments Act, Hoang sought the attorney's fees that she incurred in defending the suit. A jury rejected the buyers' claims against Hoang, found that the buyers had breached the hold harmless provision, and found that Hoang had incurred $230,000 in reasonable attorney's fees in defending against the buyers' suit. The trial court granted a take-nothing judgment in favor of Hoang, but declined to award attorney's fees based on her counterclaim. Because neither the real estate contract nor the Declaratory Judgments Act required the trial court to award Hoang the fees that she incurred in defending the suit, we affirm.

## BACKGROUND

In October 2009, Anh Van Dan and Hong Bich Chau sold their house in Houston to Trevor and Jorja Gilbert pursuant to an earnest money contract. Hoang was the selling realtor, representing Dan and Chau. After buying the house, the Gilberts discovered extensive water damage. Further investigation revealed that Dan and Chau had made insurance claims for several flooding events, which they had not disclosed to the Gilberts in connection with the sale.

The Gilberts sued the sellers and Hoang under various liability theories. Hoang answered and counterclaimed for breach of contract and for declaratory relief. She based her counterclaims on a paragraph in the closing agreement

between the sellers and the Gilberts, contending that, although she was not a signatory of that agreement, she was an intended third-party beneficiary of it. The agreement provided: "the [Gilberts] release and hold [the real estate agents, brokers, and title insurer] harmless from any and all liability" concerning the condition of the property. Hoang also sought recovery of her attorney's fees under Section 37.009 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2015).

At trial, Hoang's counsel testified about her fees for representing Hoang on her counterclaim and in defense of the Gilberts' claims. The jury found the sellers liable for statutory and common law fraud and for violating the Deceptive Trade Practices Act, but it found Hoang not liable and that the Gilberts had breached their agreement to hold Hoang harmless. It determined that a reasonable fee for Hoang's attorney was $230,000.

The Gilberts moved for judgment notwithstanding the verdict, arguing that Hoang could not recover the fees by characterizing them as damages for breach of contract or by pleading them as a declaratory judgment claim. They further argued that an award of fees to Hoang would not be equitable or just. The trial court granted the Gilberts' motion and ordered that Hoang take nothing on her counterclaim for attorney's fees.

## DISCUSSION

### I.     Attorney's Fees as Damages

Hoang first contends that she was entitled to recover attorney's fees as damages for breach of the provision to hold her harmless from any liability concerning the condition of the property.

### A.     Standard of Review and Applicable Law

Rulings on motions for judgments notwithstanding the verdict are reviewed for legal sufficiency. *See Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 830 (Tex. 2009) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005)).  When based on a question of law, we review that determination de novo. *In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994) ("[Q]uestions of law are always subject to de novo review."); *John Masek Corp. v. Davis*, 848 S.W.2d 170, 173 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (providing that JNOV is proper when legal principle precludes recovery); *see also Morrell v. Finke*, 184 S.W.3d 257, 290–91 (Tex. App.—Fort Worth 2005, pet. denied) (concluding that trial court erred by denying defendants' motion for JNOV because plaintiff's claims against them were barred by statute of limitations).  Thus, a JNOV is proper when a directed verdict would have been proper. *See* TEX. R. CIV. P. 301; *Fort Bend Cty. Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 394 (Tex. 1991); *CDB Software, Inc. v. Kroll*, 992 S.W.2d 31, 35 (Tex. App.—Houston [1st Dist.] 1998,

4

pet. denied). We uphold a JNOV when the evidence is conclusive, a party is entitled to recover as a matter of law, or a legal principle precludes recovery. *Phar-Mor, Inc. v. Chavira*, 853 S.W.2d 710, 713 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (citing *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227 (Tex. 1990)).

Whether Texas law recognizes a particular basis for the recovery of attorney's fees is a question of law that we review de novo. *See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999) (per curiam) (availability of attorney's fees under particular statute is question of law). Texas law distinguishes between recovery of attorneys' fees incident to recovery of other actual damages and claims for attorneys' fees as actual damages without any underlying finding of actual damages. *Worldwide Asset Purchasing, L.L.C. v. Rent-A-Center East, Inc.*, 290 S.W.3d 554, 570 (Tex. App.—Dallas 2009, no pet.) (citing *Haden v. David J. Sacks, P.C.*, 222 S.W.3d 580, 597 (Tex. App.—Houston [1st Dist.] 2007) (op. on reh'g), *rev'd in part on other grounds*, 266 S.W.3d 447 (Tex. 2008)). Attorney's fees are ordinarily not recoverable as actual damages in and of themselves. *Id.*; *Haden*, 222 S.W.3d at 597 (citing *Tana Oil & Gas Corp. v. McCall*, 104 S.W.3d 80, 81–82 (Tex. 2003)). Fees may, however, be recovered as actual damages for breach of an indemnity agreement. *See*, *e.g.*, *Crimson Expl., Inc. v. Intermarket*

*Mgmt., LLC*, 341 S.W.3d 432, 442–43 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

### B.    Analysis

At closing, the Gilberts and sellers executed an agreement in which the Gilberts agreed to release and hold Hoang harmless for misrepresentations made about the condition of the property.  Hoang contends that this clause constitutes an indemnity agreement and supplies the necessary basis for an award of attorney's fees as actual damages.  *See*, *e.g.*, *Crimson*, 365 S.W.2d at 432.

Even assuming that Hoang was an intended third party beneficiary of the agreement between the sellers and the Gilberts, the trial court correctly concluded that the agreement does not support a claim for Hoang's recovery of her attorney's fees.  In *Dresser Industries v. Page Petroleum, Inc.*, the Texas Supreme Court examined the distinction between an indemnity agreement and a release of liability.  853 S.W.2d 505, 507–08 (Tex. 1993).  The Court defined an indemnity agreement as a promise to make the indemnitee whole against existing or future liability, thus giving a potential cause of action to the indemnitee.  *Id.* at 508.  By contrast, the Court defined a release agreement, or "hold harmless" agreement, as a surrender of legal rights by which a party relinquishes any cause of action it may have against another actor.  *Id.* at 507–08.  Thus, while an indemnity agreement

creates a potential cause of action, a release agreement merely extinguishes a right to one. *Id.*

The agreement in this case does not confer a right to sue for a recovery under the contract and is not a promise to indemnify Hoang from suits against her. Rather, the contract "release[d]" Hoang from liability associated with the condition of the property. It did not use the term "indemnity" or otherwise provide that the Gilberts had to compensate Hoang if she were sued. Under Texas law, the provision is a release from liability, not an indemnity provision. *See Dresser Industries*, 853 S.W.2d at 507–08. While the provision might serve as a defense to a suit, it does not standing alone support an affirmative claim for relief. Accordingly, we hold that Hoang may not recover attorney's fees as damages for breach of this provision. *See id.*, 853 S.W.2d at 507–08; *Haubold v. Med. Carbon Research Inst., LLC*, No. 03-11-00115-CV, 2014 WL 1018008, *7–8 & n.7 (Tex. App.—Austin March 14, 2014, no pet.) (mem. op.) (noting that majority of jurisdictions have declined to award attorney's fees based on bare hold harmless provision) (citing *Noise Reduction, Inc. v. Nordam Corp.*, No. 90 C 6497, 1991 U.S. LEXIS 17830, at *20–21 (N.D. Ill. Dec. 6, 1991)).

Hoang cites several cases in which Texas appellate courts have upheld the recovery of attorney's fees in defense of a contract-related suit. *See Ohio Oil Co. v. Smith*, 365 S.W.2d 621 (Tex. 1963); *Crimson*, 341 S.W.3d at 432; *Garcia v. Sky*

*Climber, Inc.*, 470 S.W.2d 261 (Tex. Civ. App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.). These cases are inapplicable because each case involved an indemnity agreement, in contrast to a release of liability. *See Smith*, 365 S.W.2d at 623 (analyzing provision titled "Ohio Indemnified" as indemnity provision); *Crimson*, 341 S.W.3d at 436 (concerning provision providing that "[defendant] agrees to indemnify and hold harmless [plaintiff]"); *Garcia*, 470 S.W.2d at 269–70 (construing agreement to "pay all claims and damages" as indemnity agreement).

Further to her breach of contract argument, Hoang contends that the trial court erred in refusing to submit an actual damages question to the jury premised on her breach of contract claim. Hoang conceded at trial, however, that her damages for breach of the agreement were limited to her attorney's fees expended in defending this suit. Because we have held that the contract does not support an award of attorney's fees, we hold that the trial court did not err in refusing to submit her requested damages question.

## II. Declaratory Judgment Claim

Hoang next contends that she was entitled to attorney's fees under the Texas Uniform Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.001 *et seq*. (West 2015). In particular, she relies on section 37.009, which authorizes the trial court to award "reasonable and necessary attorney's fees as are

equitable and just" in cases in which it declares the rights, status or legal relations of the parties. *Id.* §§ 37.002, 37.009.

The Uniform Declaratory Judgments Act (UDJA) "entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *accord Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 706 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."). Whether an award for fees is "equitable and just" depends on concept of fairness, in light of all the circumstances in the case; it is thus within the trial court's sound discretion. *Approach Res. I, L.P. v. Clayton*, 360 S.W.3d 632, 639 (Tex. App.—El Paso 2012, no pet.) (citing *Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 162 (Tex. 2004)). Because the grant or denial of attorney's fees is within the discretion of the trial court, we will not disturb that decision on appeal absent an abuse of that discretion. *Oake v. Collin Cty.*, 692 S.W.2d 454, 455–56 (Tex. 1985); *Indian Beach*, 222 S.W.3d at 706.

A trial court does not abuse its discretion if some evidence reasonably supports its decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002); *Indian Beach*, 222 S.W.3d at 706. Because the trial court did not specify its grounds for denying attorney's fees, we uphold its ruling on any basis supported by the evidence. *See Weingarten Realty Inv'rs v. Harris Cty. Appraisal Dist.*, 93 S.W.3d 280, 283 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

A party ordinarily cannot recover under the UDJA for fees incurred in defense of a claim for which fees are otherwise not allowed. *See MBM Fin. Corp. v. Woodlands Oper. Co.*, 292 S.W.3d 660, 669 (Tex. 2009) (holding that "a party cannot use the Act as a vehicle to obtain otherwise impermissible attorney's fees."). Hoang does not point to any requested ruling that declared the status of the parties separate from her defense of the claims against her, for which fees are not allowed under the American Rule. *See id.* Even assuming a basis for fees existed under the UDJA, it was within the trial court's discretion to determine that an award of fees would not be equitable or just. Hoang argues that the lawsuit against her was frivolous and the plaintiffs received a substantial recovery against the sellers, including additional damages under the DTPA; thus, she contends, equity and justice required the trial court to award her attorney's fees. But Hoang did not obtain a finding from either the trial court or the jury that the suit against her was frivolous. She did not plead that the suit was frivolous under either the Texas Civil

10

Practice & Remedies Code or the DTPA. TEX. CIV. PRAC. & REM. CODE ANN. § 9.001 *et seq.* (West 2002); TEX. BUS. & COM. CODE ANN. § 17.50(c) (West 2011). Hoang observes that she could not have made any direct misrepresentations to the Gilberts, not having spoken to them apart from a few pleasantries, but the Gilberts respond that some evidence at trial indicated that Hoang knew of the flooding damage to the home and did not correct the disclosures that were made. The sellers testified that they had notified Hoang about two of the flooding incidents, which occurred at the time Hoang was their agent. One of the sellers' neighbors testified that she called Hoang's number and told someone she thought was Hoang about the flooding. Having reviewed the record, we cannot say that the trial court abused its discretion in declining to award attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009; *Ridge Oil Co.*, 148 S.W.3d at 162; *Butnaru*, 84 S.W.3d at 211; *Bocquet*, 972 S.W.2d at 21.

## CONCLUSION

We hold that the real estate contract in this case does not provide a basis for the real estate agent's recovery of attorney's fees. We further hold the trial court did not abuse its discretion in denying her fees based on her declaratory judgment claim. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Bland, Brown, and Lloyd.